UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 15-CR-167

TARIK LIPFORD,

        Defendant.

## ORDER OVERRULING OBJECTION
### (Motion To Compel)

Defendant Tarik Lipford is charged with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Lipford has filed a motion to compel seeking information related to his son, Tyran Lipford; the identities of and information related to three unidentified informants; and an inspection of firearms which he allegedly possessed. The magistrate judge granted the motion as to inspection of the firearms, which was essentially unopposed. The magistrate judge, however, denied the request for the identities of the three informants and information related to the defendant's son. Lipford has filed an objection to the motion, and for the reasons stated, the objection will be overruled.

With respect to further information concerning Lipford's son, the government responds that it has no information other than what it has already provided to the defense. Although the defense doubts the accuracy of this information, such doubts do not constitute evidence that the government has additional information. Tyran Lipford, the defendant's son, apparently had access to the same premises where the guns were found. Obviously, if the government has any evidence that Tyran

Lipford is the true owner or possessed the guns in question, such evidence would constitute exculpatory evidence and the government would be required to disclose it under *Brady v. Maryland*, 373 U.S. 83 (1963). This includes evidence not only that the government specifically has in its own file, but also evidence held by the law enforcement agencies working with or on behalf of the prosecution. *Strickler v Greene,* 527 U.S. 263, 280-81 (1999). Presumably, the government is aware of its obligation and by failing to disclose any additional information is certifying that no such exculpatory evidence exists.

With respect to disclosure of the identities of the informants, the government has indicated that none will be called as a witness in the trial of this matter. It should be noted that the information attributed to the confidential witnesses or informants relates to events and occurrences that were prior to the execution of the search warrants that led to the discovery of the firearms that are the subject of the charges against the defendant. In this sense, none of the unidentified individuals is a transaction witness. Given the government's assurance that it is not intending to call any of the informants as witnesses, there is no need to disclose their identities. Again, however, this conclusion is premised on the assumption that the witnesses have no exculpatory information to offer which would otherwise be disclosable under *Brady*.

Accordingly and for the reasons set forth above, the objections to the order denying the motion to compel are overruled and the Court adopts the order of the magistrate judge.

**SO ORDERED** this   22nd   day of February, 2016.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court