UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No. 15-CR-167

TARIK LIPFORD,

    Defendant.

## ORDER OVERRULING OBJECTION
### (Motion For Severance)

Defendant Tarik Lipford is charged with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 18, 2015, Lipford moved to sever the counts, arguing that conducting a single trial on both counts would prejudice him. A magistrate judge denied Lipford's motion in an order entered on January 19, 2016. Lipford has filed an objection, and the government has responded.

Lipford's objection is overruled. As the magistrate judge pointed out, the two counts he is facing were properly joined under Rule 8(a) of the Federal Rules of Criminal Procedure, as they are "of the same or similar character." Fed. R. Crim. P. 8(a). Of course, even when multiple counts are properly joined, severance may be required where a defendant makes a strong showing of prejudice. Fed. Crim. P. 14(a), *United States v. Moya-Gomez*, 860 F.2d 706, 768 (7th Cir. 1988). Lipford has made no such showing here. The mere fact that he is charged with two crimes, instead of one, is hardly enough to show unfair prejudice. Moreover, the pattern jury instructions for this circuit include a curative instruction that expressly advises jurors that the fact that a defendant is

charged with multiple crimes is not evidence of guilt and should not influence their decision. The instruction further advises jurors that they must consider each charge separately and that their decision on one charge, whether guilty or not guilty, should not influence their decision on another. Pattern Criminal Jury Instructions of the Seventh Circuit No. 4.06. It further appears that evidence relating to one count would necessarily be included in the trial of the other. This is an additional reason that the motion should be denied.

Finally, I note that in *United States v Coleman*, 22 F.3d 126 (7th Cir. 1994), the Court held that joinder under Rule 8 of four counts of possession of a firearm was appropriate. Noting that it had previously followed the lead of the Eighth Circuit on the issue, the Court in *Coleman* held "this kind of joinder is permitted if 'the counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps.'" *Id.* at 131 (quoting *United States v. Koen*, 982 F.2d 1101, 1111 (7th Cir. 1992); *United States v. Shue*, 766 F.2d 1122, 1134 (7th Cir. 1985); and *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984)). In *Coleman*, the defendant was charged with three counts of possession of a firearm by a felon in 1990 and three additional counts from 1992. Despite the significant gap in time between the first offense and the latter three that were charged together, the Court found no abuse of discretion in denying the defense motion to sever:

> Here, joinder under Rule 8(a) was appropriate because Coleman was charged with four counts of possession of a firearm, identical 922(g)(1) offenses which could only vary in time and location but not in their essential elements. Furthermore, we cannot conclude under the circumstances of this case, considering especially the amount and nature of the evidence and the nature of the joined counts, that the denial of Coleman's severance motion was an abuse of the district court's discretion. "[T]he evidence as to each was short and simple; there was no reasonable ground for thinking that the jury could not keep separate what was relevant to each." .... The incidents were discrete as was the proof offered at trial, and the evidence as to each

> was anything but excessive or confusing. Also, the central contested issue for each count was virtually the same—i.e. constructive possession—and, as a result, the jury did not have to grapple with the application of widely variant governing legal principles. Their task thus was at all times and in all respects a manageable one, and we do not believe that such social opprobrium generally attaches to accusations of gun possession to render it unlikely that the jury could fairly and conscientiously weigh and consider the evidence for each count before reaching a verdict. The jury was instructed to consider each count and the relating evidence separately .....; there was no reason to suppose that it would disregard this mandate.

*Id.* at 134–35 (citations and footnote omitted).

In this case, the offenses are alleged to have occurred on the same day at different locations less than two miles apart both of which were under the control of the defendant. They arise out of the execution of separate search warrants apparently growing out of the same investigation by the same law enforcement officers, and as in *Coleman*, the central contested issue is virtually the same, i.e., constructive possession. Also as in *Coleman*, the nature of the offenses is not such as to blind the jurors to their obligations to be fair and impartial and to consider each offense separately.

For all of the reasons stated here and in the decision of the magistrate judge, the objection is overruled and the motion to sever is denied.

**SO ORDERED** this   22nd   day of February, 2016.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
